### NELSON *vs.* LILLARD.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CONCORDIA, JUDGE DAVIS PRESIDING.

Where a slave is expressly excepted in the act of sale from the warranty of being *sound in body*, it will be considered a solemn declaration that he is unsound, and the purchaser takes him absolutely at his risk.

Where the evidence does not show that the slave was afflicted with a redhibitory disease, at the time of sale, it is insufficient to rescind the sale, although it is proved he was sick shortly after the sale.

This is a redhibitory action. The plaintiff alleges that he purchased five slaves from the defendant, for the price of five thousand dollars, for which he gave his note at twelve months for five thousand five hundred dollars, including interest.

That the slaves are afflicted with redhibitory defects and maladies, both of body and mind, which render them worth- less and useless to him; so much so, that had he known it, he would not have purchased them. That these defects were not discoverable on simple inspection, but were *latent*, and existed before the sale; and were not declared at the sale, which diseases were and are incurable. He specifies the different slaves and their diseases; and prays that the sale be cancelled, his note returned, and the surviving slaves taken back; or, if refused, that their price be reduced to a nominal sum; and that he have judgment for damages, for his expenses and trouble about said slaves. Interrogatories, touching the sale and price of the slaves, their condition and what passed between the parties at the time, were propounded to the vendee, Silas Lillard, and one of the defendants. The answers to interrogatories are stated in the opinion of the court.

Lillard admitted he sold the slaves and received the plaintiff's note, but pleads a general denial in relation to the other allegations. He denies that the slaves were unsound, or in any way afflicted with redhibitory vices. That the loss of the slaves which had died, was occasioned by the plaintiff's cruelty; and that all the slaves named in the act of sale, were, at the time, sound in body and mind, except what is excepted and set forth in the act of sale itself.

There was a verdict and judgment for the plaintiff, cancelling the sale, and for returning the sum of five thousand five hundred dollars, after deducting four hundred and fifty dollars, the hire of the slaves; and that the three surviving slaves be returned. The defendant appealed.

*Stacy*, for the plaintiff.

*Hyams* and *Dunbar*, for the defendant and appellant.

*Simon, J.*, delivered the opinion of the court.

Plaintiff alleges, that on the 4th March, 1837, he purchased of the defendant five slaves, named Willis, Cynthia, Solomon, Frank and Moses, for the sum of five thousand dollars,

which was paid by his note for five thousand five hundred dollars, payable twelve months after date, including therein, the interest of one year, at ten per cent., which sum was, on the same day, secured by mortgage. That all said slaves were warranted to be sound in mind and body, with some exceptions in regard to *Solomon* and *Willis.* He further states that all said slaves were unsound at the time of the sale ; that *Willis* was an idiot, and since the sale the vendors have taken him back ; that *Cynthia* was, previous to the sale, unsound, had been injured in one of her hips, and died in the month of July or August, after the sale ; that *Moses* was subject to fits, of which he died on the first of June ; that *Solomon* was affected by a pulmonary disease, or consumption, and that *Frank* is diseased, unable to work, and entirely useless. He prays that the sale be annulled and rescinded, that the note by him given be also cancelled, that if said note be the property of third persons, the defendant may be condemned to indemnify him, that the mortgage by him given be also cancelled, and for one thousand dollars damages. He propounded interrogatories to Lillard, one of the defendants, who, in his answer to the first shows, that although the five slaves were sold for the total amount of five thousand dollars, the separate price of each was, one thousand two hundred dollars for *Frank*, one thousand dollars for *Moses*, one thousand dollars for *Solomon*, one thousand dollars for *Cynthia* and eight hundred dollars for *Willis.* Defendants pleaded the general issue, acknowledged having taken back the slave Willis for eight hundred dollars, for which they gave a note to the plaintiff for eight hundred and eighty dollars, explain the reasons why plaintiff gave a note of five thousand five hundred dollars, and pray that the suit be dismissed. There was a verdict and judgment in favor of the plaintiff, annulling the sale as to two of the slaves, and the defendant having obtained a new trial, the second verdict of the jury was again for the plaintiff, rescinding the sale *in toto*, and allowing the defendant four hundred and fifty dollars for the hire of the slaves, and the District Court having rendered a judgment accordingly, defendant

made a motion for a new trial, which was overruled, from which judgment he took the present appeal.

The record shows, that about two weeks after the sale, the defendant took back the slave Willis, for which he gave plaintiff a note of eight hundred and eighty dollars, including therein the interest of one year, and that the note of five thousand five hundred dollars is not in defendant's possession, but has been transferred to a third person. The sale of the five slaves, made in a lump for five thousand dollars, states that the vendor warrants them sound *in body*, except the boy Solomon, and sound in mind, except the boy Willis, and although the plaintiff attempted to prove, by the oath of one of the defendants, that Solomon had been warranted as sound in body in every respect, other than having a club foot; his answer to the interrogatories show, that the warranty was limited, as stated in the sale.

Several physicians were examined, and from the mass of testimony found in the record, it is proven that the slave Solomon had the seeds of consumption, perhaps eight months, previous to the physicians having first seen him, which was in the latter part of the summer of 1837; that said physician saw him alarmingly ill, and that the disease made its appearance, a week or ten days after delivery. That Moses died on the first of June, of epilepsy, or of a stroke of the sun; and that he had had an attack in the middle of April, that the symptoms might have been epilepsy, or a stroke of the sun, and that the negro was found once speechless and foaming at the mouth, lying on the ground, &c., &c. That Cynthia died in September, complained of her hip, and was lame from a week or ten days after Nelson bought her until her death, &c., &c.; and that Frank is alive, able to work moderately, but has been sick four months in the summer, &c., &c. It is also shown that plaintiff was in the habit of treating his slaves kindly, that they were generally well clothed and well fed, and that the defendant, Lillard, admitted at one time, that "the slaves sold were an old, *no account* set of negroes, and if he had known what kind they were, they never should have come out from Virginia."

WESTERN DIST.
October, 1840.

NELSON
vs.
LILLARD.

Where a slave is expressly excepted in the act of sale, from the warranty of being *sound in body*, it will be considered a solemn declaration that he is unsound, and the purchaser takes him absolutely at his risk.

Where the evidence does not show that a slave was afflicted with a redhibitory disease, at the time of sale, it is insufficient to rescind the sale, although it is proved that he was sick shortly after the sale.

From the general evidence of the case, it seems to us that the jury were authorized to come to the conclusion that the slaves, Moses and Cynthia, were affected with redhibitory defects at the time of the sale ; and had they limited their verdict to rescinding the sale with regard to the said two slaves, we should have felt no hesitation in maintaining their verdict, which, although some parts of the evidence appears contradictory, cannot be said, as to the said slaves, to be clearly erroneous. But the jury have rescinded the sale also, with regard to the slaves Solomon and Frank, and in this, we think, they erred. The boy Solomon was not warranted as *sound in body* ; this warranty was, on the contrary, specially excluded from the sale, and we consider that as a solemn declaration that said slave was unsound, which, in the sense of the expression, indicates that he was sickly, and subject to diseases then unknown : *Louisiana Code, art.* 2498 *;* 1 *Martin, N. S.,* 1. This was enough to induce the plaintiff not to buy him. With regard to the negro Frank, we think the plaintiff has not made out his case, as he has furnished no evidence of this slave being afflicted with a redhibitory disease at the time of the sale, although he proved that he was sick some time after the sale; and the evidence adduced does not, in our opinion, justify the rescission of the sale as to him. The verdict of the jury must, therefore, be set aside, as to the slaves Solomon and Frank.

We do not consider the defendant entitled to any damages for the loss of Moses and Cynthia, as those slaves were sick from the time they were delivered, and died a short time after the sale ; and our judgment must be in favor of the plaintiff, only for the reimbursement of the prices of Moses and Cynthia, with one year's interest on the amount, at the rate of ten per cent.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; that the verdict of the jury be set aside, as to the rescission of the slaves *Solomon* and *Frank,* and as to the damages allowed to the defendant ; and that the plaintiff do

recover of the defendants, *in solido*, the sum of *two thousand dollars*, being the prices of the slaves Moses and Frank, with one year's interest thereon, at the rate of ten per cent., and legal interest thereon from judicial demand until paid; and that the sale be maintained as to the other slaves, except Willis, who was taken back by the vendors; the costs of the court below to be paid by the defendants, and those in this court to be paid by the appellee.